Richardson, J.
dissenting. That there is no warranty by the ordinary, personally, in his sales of lands for the distribution of the estates of intestates, may be considered good law; but that there are cases of a total failure of title where the purchaser may, in law or equity, recover back the money he paid, I cannot doubt.
The sale of an estate by the ordinary, can be no more than the manner of selling for the owners, by means of an agent. It is not in the nature of a forced sale made under execution by the sheriff, or by a commissioner, but in that of a voluntary sale, made by public outcry, in which there may be a warranty or not, as in private sales.
Whether such a recovery over would be by an action on the covenant of a warranty, express or implied, or by the charge of a fraud, or by proceedings in equity, forms no part of the case now before the court.
The only legal position necessary for the motion to set aside the nonsuit is, that the purchaser might, in some *14 form of action, where the title has totally failed, recover back the purchase money of the owner’s distributees, who sold the ¡and upon their own assumption that they were the freeholders, and which has been falsified.
It is granted that such a recovery could not be had upon an involuntary and forced sale, made by the sheriff' or commissioner, under an execution. In such cases the law compels the sale, the proceeds pass to creditors, the freeholder is passive, and “caveat emptor,” is the rule of law. But that very rule forms the exception out of the liability of vendors and owners generally.
How has such liability been lifted in the case of vendors being distributees, and chosing or happening to sell the property of other men 1
In the case before the court, the purchaser lost the land by title paramount; the ordinary has detained the purchase money, to meet the event, and the purchaser has sued him as a stake holder.
The ordinary can be justified for the detention of the money, upon no other principle, and in no other character. Every court detaining money claimed by two parties, does so upon the same principle.
The question or issue of who is the legal owner, is made up in the simplest form, as by a general assumpsit, as in this case, for money had and received, or in the form of a wager. The warranty of the ordinary is no more than that he will hold the money until the legal right to it is decided. But this is implied by his office of stake holder, and the plaintiff’s action bottomed upon no other warranty.
The case should, therefore, have gone to the jury upon the liability of the distributees to return the purchase money, in any form of action, in law or equity, and not have been nonsuited upon the ground that ordinaries make no implied warranties at their sales; that might be as well said of all agents who sell for other men.